# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## KERMIT PENLEY v. STATE OF TENNESSEE

### Appeal from the Circuit Court for Lauderdale County
### No. 01CR043   Joe H. Walker, III, Judge

### No. W2013-00595-CCA-R3-HC  - Filed August 6, 2013

The Petitioner, Kermit Penley, appeals the Circuit Court of Lauderdale County's denial of his pro se petition for writ of habeas corpus. The State has filed a motion requesting that this Court affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Following our review, we grant the State's motion and affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals

CAMILLE R. MCMULLEN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROGER A. PAGE, JJ., joined.

Kermit Penley, Henning, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and J. Ross Dyer, Senior Counsel, for the Appellee, State of Tennessee.

### MEMORANDUM OPINION

The Petitioner pled guilty to first degree murder in exchange for an agreed sentence of life imprisonment. The Petitioner then sought post-conviction relief. The post-conviction court denied relief, and this court affirmed the post-conviction court's judgment on appeal. See Kermit Penley v. State, No. E2004-00129-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 965 (Tenn. Crim. App., at Knoxville, Nov. 1, 2004), perm. app. denied (Tenn. Feb. 28, 2005).

In January 2013, the Petitioner filed a petition for writ of habeas corpus in which he

claimed that his sentence was illegal because the trial court erroneously sentenced him under the 1982 Sentence Act rather than the 1989 Sentencing Act. On February 4, 2013, the trial court entered an order denying and dismissing the petition. This appeal followed.

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. See also T.C.A. § 29-21-101, et seq. However, the grounds upon which a writ of habeas corpus may be issued are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). "[T]he purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Id. at 163. A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83. In contrast,

> a voidable judgment is *facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity*. Thus, in all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances.

Hickman v. State, 153 S.W.3d 16, 24 (Tenn. 2004) (internal citation and quotations omitted); see also Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. See Hickman, 153 S.W.3d at 20. Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State contends that the box indicating sentencing under the 1989 Act on the judgment was "clearly" marked. However, neither the box indicating sentencing under the 1982 Act nor the box indicating sentencing under the 1989 Act are marked on the judgment.

Regardless, the judgment clearly states the Petitioner's sentence as life imprisonment. As noted by the trial court, life imprisonment is the minimum sentence for first degree murder under both the 1982 Act and the 1989 Act. See T.C.A. § 39-2-202(b) (1982); T.C.A. § 39-13-202(c)(3) (Supp. 2002). We agree with the trial court's conclusion that the Petitioner has failed to establish that the judgment is void. Therefore, the Petitioner is not entitled to habeas corpus relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. See Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
CAMILLE R. McMULLEN, JUDGE